# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 18, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2022-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2007CF788

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ANDREW J. BOHN,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Andrew J. Bohn appeals from a circuit court order denying his petition for conditional release.  Bohn argues that the court erred in considering "informational letters" regarding his institutionalization at the hearing on his petition.  Bohn also contends there was insufficient evidence on which the court could conclude that he posed a significant risk to himself or others if granted conditional release.  *See* WIS. STAT. § 971.17(4)(d) (2023-24).[1]  We affirm.

¶2    The parties do not dispute the facts pertinent to this appeal.  In 2007, while Bohn was serving a commitment for another offense, the State charged him with attempted first-degree intentional homicide after he stabbed a fellow institution patient in the neck with scissors.  Pursuant to an agreement with the State, Bohn pled no contest in 2008 to an amended charge of mayhem, *see* WIS. STAT. § 940.21, but the parties stipulated that Bohn should be found not guilty by reason of mental disease or defect ("NGI").  Bohn was ordered to a maximum 25-year commitment to institutional care.  He is currently housed at Mendota Mental Health Institute (Mendota).

¶3    In 2009, the circuit court granted Bohn's first petition for conditional release.  *See* WIS. STAT. § 971.17(4)(d).[2]  However, Bohn reoffended while out on

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  As relevant to this appeal, WIS. STAT. § 971.17(4)(d) provides as follows:

> The court shall grant the petition [for conditional release] unless it finds by clear and convincing evidence that the person would pose a significant risk of bodily harm to himself or herself or to others or of serious property damage if conditionally released.  In making this determination, the court may consider, without limitation because of enumeration, the nature and circumstances of the crime, the person's mental history and present mental condition, where the person will live, how the person will support himself or herself, what arrangements are available to ensure that the person has access to and will take necessary medication, and what arrangements are possible for treatment beyond medication.

2

release when he repeatedly hit a man in the head with a crowbar. He was subsequently convicted of first-degree reckless endangerment and substantial battery and committed for nine years. Following that disposition, Bohn stipulated to revocation of his conditional release in the present case, in which he was convicted of mayhem.

¶4 Bohn subsequently filed his second, third, and fourth petitions for conditional release, but he withdrew each one before the circuit court could rule on it. In 2019, Bohn sought conditional release for a fifth time. Dr. Kevin Miller, PhD, examined Bohn and concluded that Bohn qualified for conditional release because he posed only a moderate risk of harm if released. The circuit court rejected Dr. Miller's risk assessment, instead finding that Bohn presented a significant risk to the public if granted release. In support of its finding, the court cited Bohn's violent criminal history and his demonstrated inability to be on conditional release without committing another violent crime. Bohn filed a postdisposition motion. While the motion was pending, Bohn committed two separate attacks on individuals at Mendota. The court denied the motion, and Bohn did not appeal.

¶5 In 2022, Dr. Miller reevaluated Bohn and concluded again that he presented a moderate risk of harm to others if he were placed on conditional release and, therefore, should be granted release. Dr. Miller stated that Bohn's mental condition had stabilized in late 2020 after a medication change following his violent outbursts earlier that year. The circuit court disagreed with Dr. Miller's assessment and denied the petition. Bohn appealed, and we summarily affirmed. *State v. Bohn*, No. 2023AP1-CR, unpublished slip op. (WI App Mar. 6, 2024).

¶6 This brings us to the current petition, which Bohn filed in 2023. Dr. Miller again filed a report indicating that Bohn posed a moderate risk of harm

if released. The Department of Health and Human Services (DHS) submitted a letter to the circuit court providing "factual information" about "Bohn's status at [Mendota], his course of treatment, and his progress." This letter also provided a detailed account of the security protocols to which Bohn was subject at various points of his commitment. The letter was signed by three members of Bohn's treatment team at Mendota. The team members declined to make a recommendation regarding conditional release. Other similar "informational letters" had been filed in conjunction with Bohn's prior conditional release petitions.

¶7     Dr. Miller testified at the hearing on Bohn's latest petition. He again opined that Bohn was an appropriate candidate for conditional release because he posed only a moderate risk of harm to himself or others if released into the community. Bohn also testified on his own behalf, speaking of his general success since his last violent episode in 2020. The State took no position as to whether the circuit court should grant Bohn release.

¶8     After the hearing, the circuit court denied the petition. The court observed its familiarity with Bohn, noting it "has heard [Bohn's] conditional release petitions a number of times through the years." It based its decision in part on Bohn's prior violent behavior and further considered that Mendota still had not granted Bohn privileges to leave the facility and spend time in the community. The court found those factors provided clear and convincing evidence that Bohn posed a significant risk of bodily harm to others. It explained that it wanted to see Bohn's actions when he has full privileges from the institution before granting release, especially given Bohn's previous violence when not institutionalized. Bohn appeals.

¶9 Bohn first argues that the circuit court erred in relying on the most recent informational letter, discussed above, as grounds to deny his petition. Citing to WIS. STAT. § 908.01, he contends that "had [the letter] been offered into evidence, it would have been excluded on hearsay and foundation grounds" because it "is an out-of-court statement," which "contains numerous detailed allegations about the prior incidents without any indication of the letter-writers' basis of knowledge." However, the State highlights the facts that Bohn did not object at the hearing to the court's reliance on the letter and he did not file a postdisposition motion lodging an objection to the letter. Accordingly, the State asserts that Bohn has forfeited any challenge to the court's reliance on its contents in rendering its decision. *See State v. Ndina*, 2009 WI 21, ¶¶29-30, 315 Wis. 2d 653, 761 N.W.2d 612; *State v. Klapps*, 2021 WI App 5, ¶20, 395 Wis. 2d 743, 954 N.W.2d 38.

¶10 Bohn replied to the State's argument stating he did not forfeit a challenge to the circuit court's reliance on the informational letter because he is challenging it in the context of the sufficiency of the evidence, which cannot be forfeited. *See* WIS. STAT. § 971.17(7). We disagree with Bohn's framing of his current objection to the court's use of the letter as a sufficiency-of-the-evidence issue, *see Lhost v. State*, 85 Wis. 2d 620, 646, 271 N.W.2d 121 (1978) ("An objection is a means of invoking a rule of evidence by which admission of proof at trial is regulated."), but we resolve the issue on its merits rather than deem it forfeited. As to the merits, however, we agree with the State that the court was entitled to consider information from the letter because the rules of evidence do not apply in court hearings related to a petition for conditional release. *See State v. Mahone*, 127 Wis. 2d 364, 372, 379 N.W.2d 878 (Ct. App. 1985).

¶11 *Mahone* involved a challenge to a circuit court order revoking Mahone's conditional release and recommitting him to an institution. *Id.* at 367. In

considering Mahone's appeal, this court compared hearings under WIS. STAT. § 971.17 to probation or parole revocation hearings. *Id.* at 372. We concluded that, as in probation or parole revocation proceedings, "the formal rules of evidence" do not apply to hearings held under § 971.17. *Id.*

¶12 Applying this principle from *Mahone* here, we are satisfied that the circuit court did not err in relying on the informational letter submitted in conjunction with this petition or, to the extent that it did so, on other similar letters pertaining to earlier petitions. Even if Bohn had objected to the court's reliance on the letter at the hearing or filed a postdisposition motion on that ground, his objections would have been without merit. The court was entitled to rely on the letter. *See id.*[3]

¶13 We now turn to Bohn's argument that there was insufficient evidence presented at the hearing to support the circuit court's conclusion that Bohn posed a significant risk of harm to himself or others if granted conditional release. The circuit court must grant a petition for conditional release "unless it finds by clear and convincing evidence that the person would pose a significant risk of bodily harm to himself or herself or to others or of serious property damage if conditionally released." WIS. STAT. § 971.17(4)(d). On appeal, the proper standard of review is the sufficiency of the evidence test. *State v. Randall* (*Randall III*), 2011 WI App 102, ¶13, 336 Wis. 2d 399, 802 N.W.2d 194. We defer to the circuit court's

---

[3] We reject Bohn's argument that *State v. Mahone*, 127 Wis. 2d 364, 379 N.W.2d 878 (Ct. App. 1985) "is no longer good law." Although the legislature has amended WIS. STAT. § 971.17 multiple times over the years, Bohn fails to point to any statement showing any of the various changes to the statutes were intended to overrule *Mahone* in general or its declaration that the formal rules of evidence do not apply in § 971.17 hearings, in particular. We further note that both the Wisconsin Supreme Court and this court have cited *Mahone* favorably over the years, including as recently as 2025. *See, e.g., State v. Randall*, 192 Wis. 2d 800, 532 N.W.2d 94 (1995); *State v. Schaefer*, 2025 WI App 71, ¶¶49-50, __ Wis. 2d __, __ N.W.3d ___.

"determination of credibility and evaluation of the evidence" and adopt its reasonable inferences; if there are multiple reasonable inferences, we will adopt the inference that the circuit court did. *Id.*, ¶14. The "nature of the crime and that person's history of mental illness" remain appropriate factors for the court to consider, along with any other factors it deems appropriate. *State v. Wood*, 2010 WI 17, ¶37, 323 Wis. 2d 321, 780 N.W.2d 63.

¶14 Based on our review, we conclude that sufficient evidence supported the circuit court's order denying Bohn's petition. The court relied on Bohn's substantial history of violent offenses both in the community and in mental health facilities. As the State notes in its briefing, "[i]n a span of seven years, Bohn assaulted an elderly woman, choked his own mother, nearly killed a fellow patient by stabbing her in the neck with scissors, and brutalized a man with a crowbar." Even after stabbing a patient in the neck while committed in December 2006, Bohn obtained conditional release in May 2009. However, as described above, he immediately began violating the rules and assaulted the man with a crowbar in October 2010.

¶15 The circuit court properly considered Bohn's serious and violent criminal history. It also appropriately recognized Bohn's limited experience with minimal security restrictions while committed, noting that Bohn had "bounced around from medium, minimum, and maximum placements" since his recommitment in 2010. While Bohn argues that the evidence offered at the hearing supported his petition for release, the examples he provides support competing inferences, and we are bound to uphold the inferences the circuit court made. *See Randall III*, 336 Wis. 2d 399, ¶14. The evidence was sufficient to support the court's denial of Bohn's latest petition.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.